OPINION
This is an accelerated appeal from the decision of the Mentor Municipal Court denying appellant's motion to suppress.
On October 5, 2000, Officer John Forsythe of the Mentor-on-the-Lake Police Department observed appellant, John Johnson, traveling down Lakeway Boulevard at what he believed was a high rate of speed. Officer Forsythe saw appellant come to a stop at a stop sign, wait approximately fifteen seconds after stopping, and then proceed to make a right turn. Appellant did not use his car's turn signal at any point during these events.
Officer Forsythe proceeded to stop appellant for failing to use his turn signal. Upon stopping appellant, Officer Forsythe discovered that appellant was driving under suspension, and that he appeared to be under the influence of alcohol. Appellant refused to submit to a blood alcohol test.
Appellant filed a motion to suppress any evidence resulting from the stop, alleging that the stop violated the federal and state constitutions. At the October 6, 2000 motion hearing, the only witness to testify was Officer Forsythe. He testified, under cross examination, that it was dark at the time he saw appellant's car, that he could not see inside the car, and that he did not know what appellant was doing in his car during the fifteen seconds he was stopped at the intersection. Officer Forsythe also testified that, had appellant used a hand signal to signal the turn, he would have seen it. The court overruled appellant's motion to suppress, and appellant changed his plea to "no contest."
Appellant raises a single assignment of error:
 "[1.] The trial court erred as a matter of law in overruling the Motion to Suppress on the basis that the arresting officer lacked the necessary articulable facts and reasonable suspicion to justify the stop, in violation of the Ohio and United States Constitutions.
 Appellant argues that, because it was dark at the time appellant was at the intersection, Officer Forsythe could not have seen whether appellant signaled his turn using hand signals. Because the officer could not be certain appellant did not use hand signals, appellant argues that the stop violated his state and federal constitutional rights.A stop is constitutional if it is supported by probable cause. The test for probable cause is: "whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense." Beck v. Ohio (1964), 379 U.S. 89, 91. An officer's observation of any traffic law violation constitutes sufficient grounds to stop the vehicle observed violating the law. Dayton v. Erickson
(1996), 76 Ohio St.3d 3, 12. When an officer witnesses a minor traffic violation, the officer is justified in stopping the vehicle for the purpose of issuing a citation. State v. Jennings (Mar. 3, 2000), Trumbull App. No. 98-T-0196, unreported, 2000 Ohio App. LEXIS 800, at *8. Once the stop is made, the officer may investigate the detainee for DUI if the officer has a reasonable suspicion that the detainee may be intoxicated. Id. at *8-9.
This court has held that:
 "At a hearing on a motion to suppress, the trial court functions as the trier of fact. Thus, the trial court is in the best position to weigh the evidence by resolving factual questions and evaluating the credibility of witnesses. * * * On review, an appellate court must accept the trial court's findings of fact if those findings are supported by competent, credible evidence. * * * After accepting such factual findings as true, the reviewing court must then independently determine, as a matter of law, whether or not the applicable legal standard has been met." Ohio v. Hrubik (June 30, 2000), Ashtabula App. No. 99-A-0024, 2000 Ohio App. LEXIS 2999, unreported at *4-5. (Citations omitted.)
The only evidence presented to the court at the suppression hearing was the testimony of Officer Forsythe. Officer Forsythe testified that appellant did not signal before the right turn, and that, had appellant used a hand signal, he would have seen the signal from his vantage point. No evidence was offered to rebut Officer Forsythe's testimony, and no evidence was offered to show that appellant's turn signals were not functioning, or that appellant actually did use a hand signal before turning. This is competent, credible evidence in the record, and it is clear that the court weighed the evidence before it and found Officer Forsythe to be a credible witness.
This evidence is sufficient to lead a reasonably prudent person to believe that appellant committed the offense of not signaling a turn. Thus, Officer Forsythe had probable cause to stop appellant.
Even if appellant had given a hand signal that Officer Forsythe did not see, the officer's stop of appellant was a constitutional investigatory stop under Terry v. Ohio (1968), 392 U.S. 1, 21.
The standard for determining whether a police officer's stop was constitutional under Terry is whether the officer had a reasonable suspicion, based on specific and articulable facts, that a criminal act has, or is about to occur. Terry, supra. The propriety of a stop by a police officer must be viewed in light of the totality of the surrounding circumstances as "viewed through the eyes of a reasonable and prudent police officer on the scene who must react to events as they unfold."State v. Andrews (1991), 57 Ohio St.3d 86, 87-88.
Officer Forsythe had a reasonable suspicion that appellant had committed a traffic offense, based on articulable facts. Officer Forsythe saw appellant approach the intersection at a high rate of speed. He did not see appellant signal a turn as he approached the intersection. Appellant stopped at the intersection for 15 seconds, and the officer did not see appellant signal a turn during that time. Then, Officer Forsythe witnessed appellant make a right turn, and he still did not see appellant signal the turn. These are certainly sufficient articulable facts to support a reasonable suspicion in Officer Forsythe, or in any reasonable person, that appellant had just violated the law. Thus, under Terry v.Ohio, Officer Forsythe was justified in stopping appellant. Officer Forsythe did not violate appellant's constitutional rights, and appellant's assignment of error is without merit.
The decision of the Mentor Municipal Court is affirmed.
JUDGE ROBERT A. NADER, CHRISTLEY, P.J., GRENDELL, J., concur.